United States District Court
Middle District of Florida
Jacksonville Division

**ACME BARRICADES, L.C.,**

    *Plaintiff,*

v.　　　　　　　　　　　　　　　　　　　　　　　No. 3:20-cv-255-J-34PDB

**ACME BARRICADES, LLC,**

    *Defendant.*

___

# Order

    The plaintiff sues the defendant for alleged trademark infringement, unfair competition, trademark dilution, and copyright infringement. Doc. 1. Before the Court is the defendant's motion to set aside a default. Doc. 8. The plaintiff opposes the motion. Doc. 14. All events are in 2020.

    The plaintiff filed the complaint on March 12. Doc. 1. In the complaint, the plaintiff explains it "has a national presence" in selling traffic equipment and offering related services and "has been doing interstate business since approximately 1998." Doc. 1 ¶¶ 6, 8. The plaintiff states the defendant is a Texas limited liability company registered in 2017 that has been running a road-services business using the plaintiff's registered trademark "ACME BARRICADES" and photographs from the plaintiff's website. Doc. 1 ¶¶ 7, 9–12. The plaintiff states the Court has jurisdiction over the defendant because the defendant's website containing "content that infringes both the registered copyright and the [plaintiff's] trademark … is accessible by other Florida residents" and the defendant's "infringing actions thus cause harm" to the plaintiff in Florida. Doc. 1 ¶ 4.

The plaintiff filed a notice stating service of process had been completed on May 19 through the Texas Secretary of State and on May 20 through Aaron and Suzanne Thompson. Doc. 5. The plaintiff moved for entry of a default on July 2, Doc. 6, and the clerk entered a default four days later, Doc. 7. The defendant filed the current motion to set aside the default on August 12. Doc. 8.

In the motion, the defendant explains these facts supported by a declaration by Aaron Thompson, the managing member. Docs. 8, 9–9-2.

The defendant is a "small, family-owned business" in Salado, Texas, providing road-construction services for the Texas Department of Transportation projects and other projects. Doc. 8 at 1–2. The defendant operates only in Texas "and has no presence whatsoever in Florida." Doc. 8 at 2.

The defendant failed to respond to the complaint because of problems from the novel coronavirus pandemic. Doc. 8 at 2. The defendant had nine employees in June, and five had contracted the coronavirus "earlier [in the] summer." Doc. 8 at 2. The five employees could not work, which "substantially delayed" projects. Doc. 8 at 2. A crew in one of the defendant's commonly-owned affiliates also suffered a coronavirus outbreak, and it "took eight weeks for the outbreak of Covid-19 to clear all employees of [the defendant] and its affiliate." Doc. 8 at 2.

Because of the pandemic, the defendant had to implement new operating guidelines, which required "substantial time, effort, and resources" for a small company. Doc. 8 at 3. Revenue substantially declined, and the owners were concerned the company would become insolvent. Doc. 8 at 3.

"It was during the time of this labor, health, and financial hardship and uncertainty that [the plaintiff] was served" with the complaint. Doc. 8 at 3. The defendant neither preferred nor desired to neglect to respond to the complaint, but "the circumstances were such that its principals were focused on the health and

2

safety of their employees and the continued viability and survival of the company." Doc. 8 at 3.

The defendant learned of the default on July 31 and retained current counsel in Florida about a week later, on August 7. Doc. 8 at 4. Counsel filed the current motion less than a week later, on August 12.

The defendant "strongly disputes" the plaintiff's allegations and, if permitted to proceed, would at a minimum argue lack of personal jurisdiction and that a party cannot enjoin concurrent use of a mark if the parties use the mark in two distinct geographical markets. Doc. 8 at 3–4 & n.1. The defendant attaches a proposed motion to dismiss for lack of personal jurisdiction, Doc. 8-1, contending it has no contacts with Florida, Doc. 8 at 6. *See also* Docs. 9-1 and 9-2 (attachments to Thompson's declaration: a screenshot of the plaintiff's website showing company divisions only in Florida and a screenshot of the defendant's website advertising its business in Texas).

The defendant contends it neglected to timely respond because of the "exigent" circumstances caused by the pandemic and because it was "not in a position" to "timely retain counsel in Florida[.]" Doc. 8 at 6. The defendant observes the action is in the early stages and the plaintiff has not yet moved for default judgment, and the defendant argues it has at least one meritorious defense (lack of personal jurisdiction) and the plaintiff will not be prejudiced. Doc. 8 at 6.

The plaintiff responds that pandemic challenges fail to justify inaction for months. Doc. 14 at 4. The plaintiff observes the defendant has not argued its principals were unaware of the action or became ill when a response was due. Doc. 14 at 5. The plaintiff observes the defendant's principals instead were focused on other matters and failed to prioritize this action, ignoring it until learning about the default. Doc. 14 at 5. The plaintiff contends the defendant could have moved for more time to respond to the complaint or otherwise communicate with the plaintiff's

3

counsel. Doc. 14 at 5–6. The plaintiff argues the defendant willfully defaulted and, therefore, the Court need not consider other factors. Doc. 14 at 6.

The plaintiff contends setting aside the default is unwarranted even considering other factors. The plaintiff contends it has been prejudiced by the time and expense of moving for a default and addressing the failure to respond and the delay in proceeding with the action during which the defendant has continued to infringe the plaintiff's marks, cause consumer confusion, and damage its goodwill. Doc. 14 at 6. The plaintiff contends the defendant's "relatively quick" action to set aside the default (one month) shows the defendant knew about the action and did not take it seriously until learning about the default. Doc. 14 at 7. The plaintiff recognizes the defendant's asserted defenses satisfy the low standard for showing a meritorious defense. Doc. 14 at 7 n.3.

A court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Action on a motion to set aside a default is within the discretion of the district court." *Robinson v. United States*, 734 F.2d 735, 740 (11th Cir. 1984).

"Good cause" is a liberal standard "not susceptible to a precise formula." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Considerations include whether default was culpable or willful, whether setting aside default would prejudice the adversary, whether the defaulting party presents a meritorious defense, whether public interest is implicated, whether the defaulting party would incur significant financial loss, and whether the defaulting party acted promptly to correct the default. *Id.*

Because of a strong policy to decide cases on the merits, defaults are disfavored. *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Even in seeking to set aside default judgment—as opposed to default, a lesser standard—the defaulting party does not have to prove a meritorious defense; a "hint" of one suffices. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 n.4 (5th Cir. 1979). Whether a

defense is meritorious does not depend on its likelihood of success. *Retina-X Studios, LLC v. ADVAA, LLC*, 303 F.R.D. 642, 657 (M.D. Fla. 2014).

"Courts have ruled that the fact that [a] plaintiff would have to try the case on the merits if relief is granted is not the kind of prejudice that should preclude relief." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2699 (4th ed. 2020). And the "fact that reopening the judgment would delay [a] plaintiff's possible recovery has not, in itself, been deemed to bar relief." *Id*. As this Court has explained, the "inherent delay" from resolving a case on the merits does not constitute prejudice and "the concept of prejudice in the context of Rule 55(c) goes to the dangers of loss of evidence, increased discovery difficulties, and the enhanced opportunity for fraud or collusion." *ISO Claims Servs., Inc. v. Bradford Tech., Inc.*, 3:09-cv-976-J-34JRK, 2009 WL 10670821, at *2 (M.D. Fla. Dec. 16, 2009) (unpublished).

While each party presents persuasive arguments, ultimately, the defendant has established good cause to set aside the default. The pandemic has disrupted operations for many, including for the Court, and much grace has been given during these unusual times. *See In re the National Emergency Declared on Mar. 13, 2020*, No. 8:20-mc-25; *In re: Coronavirus Public Emergency*, No. 3:20-mc-5.

Although the defendant does not dispute proper service and knowledge of this action, the facts detailed in the declaration and motion establish good cause (half of a small company's workforce contracting the coronavirus leading to work delays, potential insolvency, new policies to continue business, and the need to find faraway counsel). The defendant moved to set aside the default approximately one month after its entry, with counsel moving to set aside the default five days after being retained. In the proposed motion to dismiss, the defendant presents a hint of at least one meritorious defense in contending the Court lacks personal jurisdiction over it. The prejudice the plaintiff describes—spending time and resources on the default issue and continued infringement—does not outweigh the other considerations, including the strong policy favoring merit-based, not technical-based, decisions.

Finding good cause to set aside the default, the Court **grants** the defendant's motion, Doc. 8; **sets aside** the default, Doc. 7; **directs** the clerk to add an appropriate notation to the docket; **directs** the defendant to respond to the complaint by **November 4, 2020**; and directs the parties to conduct the case management conference and file a case management report by **November 13, 2020**.

**Ordered** in Jacksonville, Florida, on October 21, 2020.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  Counsel of record