UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ACME BARRICADES, L.C.,

    Plaintiff,

vs.                                        Case No.   3:20-cv-255-MMH-PDB

ACME BARRICADES, LLC,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Notice of Filing Proposed Consent Judgment, filed on June 15, 2022, which the Court construes as a Motion for Entry of Consent Judgment (Doc. 66; Motion). In the Motion, Plaintiff seeks the entry of the Proposed Consent Judgment (Doc. 66-1) and represents that the "parties have reviewed and agree on the form of the Proposed Consent Judgment." See Motion at 1, Ex. A. Significantly, the Proposed Consent Judgment invokes Rule 65 of the Federal Rules of Civil Procedure (Rule(s)) and enjoins Defendant from engaging in certain conduct. However, upon review, the Court is unable to approve and enter the Proposed Consent Judgment in its current form as it fails to comply with the requirements of Rule 65 of the Federal Rules of Civil Procedure (Rule(s)). As

such, the Court will deny the Motion without prejudice to the filing of a renewed motion that incorporates the following revisions.

In the Proposed Consent Judgment, the parties identify the persons bound by the order as follows: "Defendant, Acme Barricades, LLC; its officers, agents, servants, employees, and attorneys; and all other persons who are in active concert or participation with anyone described in this paragraph . . . ." See Proposed Consent Judgment ¶¶ 1-3. Although this language is consistent with subparagraphs (A)–(C) of Rule 65(d)(2), it fails to include the limiting language at the outset of Rule 65(d)(2) that an injunction binds only those persons "who receive actual notice of it by personal service or otherwise." See Rule 65(d)(2). To ensure that any injunction entered by the Court accurately reflects those persons who are bound by its directives, the parties must insert language in paragraphs 1, 2 and 3 limiting the reach of the injunction to only those persons who receive actual notice.

In addition, paragraph 3 of the Proposed Consent Judgment prohibits Defendant and related persons from "using the photograph identified in the Complaint . . . ." See Proposed Consent Judgment ¶ 3 (emphasis added). However, Rule 65(d)(1) directs that every order granting an injunction must "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." See Rule 65(d)(1)(C) (emphasis added). As such, to comply with Rule 65(d)(1)(C), the parties must

modify the Proposed Consent Judgment to describe in reasonable detail the acts restrained without referring to the complaint or other document.

Last, the Court observes that the Proposed Consent Judgment does not specify or otherwise limit its duration. The Court is not inclined to enforce the Proposed Consent Judgment into perpetuity. Any revised Proposed Consent Judgment must contain a provision limiting the duration of the injunctive relief to a reasonable timeframe as appropriate under the facts of this case.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Notice of Filing Proposed Consent Judgment (Doc. 66), construed as a Motion for Entry of Consent Judgment, is **DENIED without prejudice** to filing a renewed motion with a revised Proposed Consent Judgment that complies with the requirements of this Order.

2. The parties shall have up to and including **August 30, 2022**, to file the renewed motion.

**DONE AND ORDERED** in Jacksonville, Florida this 2nd day of August, 2022.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record